**Hui Zhen CHEN–LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

No. 08–4309–ag.

United States Court of Appeals, Second Circuit.

May 29, 2009.

Lewis Hu, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Molly Debusschere, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC., for Respondent.

Present: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Hui Zhen Chen–Lin, a native and citizen of the People's Republic of China, seeks review of an August 12, 2008 order of the BIA affirming the September 27, 2006 decision of Immigration Judge ("IJ") George T. Chew, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Zhen Chen–Lin,* No. A99 534 613 (B.I.A. Aug. 12, 2008), *aff'g* No. A99 534 613 (Immig. Ct. N.Y. City Sept. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

The amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 ("the Act") apply to Chen–Lin's asylum application because it was filed after May 11, 2005. *See* Pub.L. No. 109–13, § 101(h)(2), 119 Stat. 231, 305 (2005). For asylum applications governed by the Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007).

Substantial evidence supports the IJ's adverse credibility determination. Chen–Lin's argument that the IJ erred by basing his adverse credibility determination on her nervousness during her testimony is without merit. On many occasions, Chen–Lin responded to questions by stating that she was "too nervous" to respond. The IJ attempted to assuage her nervousness, recommending that she "[t]ake a deep breath," or have a drink of water. Ultimately, however, the IJ drew a negative inference as to Chen–Lin's credibility based in part on his observations of her demeanor. We defer to his findings in that respect. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

It was also not improper for the IJ to rely on the inconsistencies that emerged when the IJ pressed Chen–Lin for details. *Cf. Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). For example, she initially testified that she was arrested in August 1999, then stated that it was August 23, 2003, and then stated it was August 30, 2003. In light of such inconsistencies, it was not improper for the IJ to find that Chen–Lin was not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi,* 430 F.3d at 79.

Because the only evidence of a threat to Chen–Lin's life or freedom depended upon her credibility, the adverse credibility determination by the IJ in this case precludes success on her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003); *Xue Hong*

*Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.